# IN THE SUPREME COURT, STATE OF WYOMING

## 2019 WY 109

*October Term, A.D. 2019*

October 24, 2019

THE UNAUTHORIZED PRACTICE
OF LAW COMMITTEE, WYOMING
STATE BAR,

Petitioner,

v.

COURTNEY LEIGH OSMON,

Respondent.

D-19-0006

## ORDER APPROVING RECOMMENDED DISPOSITION

[¶1]    **This matter** came before the Court upon the "Findings of Fact, Conclusions of Law and Recommended Disposition," filed herein September 20, 2019, by the Unauthorized Practice of Law Committee of the Wyoming State Bar (the Committee). After a careful review of the Committee's recommendations and the file, this Court finds the Recommended Disposition should be approved, confirmed, and adopted by the Court. It is, therefore,

[¶2]    **ADJUDGED AND ORDERED** that the Unauthorized Practice of Law Committee's "Findings of Fact, Conclusions of Law and Recommended Disposition," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]    **ADJUDGED AND ORDERED** that Respondent Courtney Leigh Osmon is hereby enjoined from the unauthorized practice of law; and it is further

[¶4]    **ORDERED** that on or before January 2, 2020, Respondent Courtney Leigh Osmon shall remit a fine of $750 to the Wyoming State Bar. If Respondent fails to make payment in the time allotted, execution may issue on the fine.

[¶5]    **DATED** this 24th day of October, 2019.

                                        BY THE COURT:

                                        /s/

                                        **MICHAEL K. DAVIS**
                                        **Chief Justice**

# BEFORE THE SUPREME COURT

## STATE OF WYOMING

In the matter of )
)
**COURTNEY LEIGH OSMON,** ) *No. D-19-0006*
)
**Unauthorized Practice of Law** )
**Respondent.** )
)
)

IN THE SUPREME COURT
STATE OF WYOMING
FILED

SEP 2 0 2019

PATRICIA BENNETT, CLERK
*Laura Mickey*
by CHIEF DEPUTY

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDED DISPOSITION

A quorum of the Committee on the Unauthorized Practice of Law ("Committee") convened by telephone conference call on the 3rd day of September, 2019. Having determined that Bar Counsel's Rule 6(d)(1) motion should be granted, the Committee proceeded to decide the case based upon the petition as provided in the rule. The Committee finds, concludes and recommends as follows:

### Findings of Fact

1.    Respondent Courtney Leigh Osmon, a resident of Rozet, Wyoming (hereinafter, "Respondent") is not currently nor has she ever been licensed to practice law in the State of Wyoming or in any jurisdiction.

2.    Bar Counsel's investigation of Respondent was initiated upon a report from Gillette lawyer Nicholas Norris that in 2017 and 2018, Respondent held herself out as a lawyer and undertook to provide legal representation to her husband, Brett Osmon, in a title dispute which culminated in the initiation of litigation in the Sixth Judicial District Court, Campbell County, Wyoming, styled *Michele Bau, Plaintiff, vs. Brett Osmon and*

*Courtney Osmon, Defendants*, Civil Action No. 37587. The lawsuit named Respondent, who owned no interest in the property in dispute, as a defendant only as a result of her role in negotiating and accepting a settlement agreement between Ms. Bau and Mr. Osmon. The settlement was not culminated and litigation ensued.

3. When Respondent filed an answer and counterclaims on behalf of her husband and herself, Mr. Norris moved to strike the answer as it related to Mr. Osmon and moved to dismiss the counterclaims. The Court struck any purported answer for Mr. Osmon and default was entered against him. Respondent attempted to speak on her husband's behalf at the default judgment hearing but was not allowed to do so by the Court.

4. Respondent did not respond to Bar Counsel's inquiries following initiation of an investigation of Mr. Norris's UPL report.

5. The petition in this matter was filed on May 20, 2019, pursuant to the Rules of Procedure Governing Unauthorized Practice of Law Proceedings (hereinafter, the "UPL Procedural Rules"). The petition was served upon Respondent via certified mail, return receipt requested, on May 20, 2019.

6. On May 29, 2019, the Court issued an order referring the matter to the Committee for proceedings pursuant to UPL Procedural Rule 6(d) through (h).

7. Respondent's agent signed the certified mailing return receipt for the petition on June 6, 2019. Respondent did not answer or otherwise responded to the petition.

8. On July 9, Bar Counsel filed a motion for a Rule 6(d) determination that Respondent has admitted the facts set forth in the petition. Bar counsel served a copy of

2

the motion on Respondent by mail. Respondent did not object or otherwise respond to Bar Counsel's motion.

9. By order dated concurrently herewith, the Committee granted Bar Counsel's motion, ruling that the facts set forth in the petition shall be deemed conclusively established for purposes of this proceeding.

10. Respondent's conduct described above constitutes the unauthorized practice of law in Wyoming.

11. Respondent should be enjoined from engaging in the unauthorized practice of law. Respondent should also be required to pay a fine as provided in the Rules. The Committee finds that the appropriate fine, in consideration of Respondent's conduct as set forth herein, is the amount of $750.00

## Conclusions of Law

12. UPL Procedural Rule 6 provides in pertinent part:

**Rule 6. Civil injunction proceedings.**
(a) If Bar Counsel determines that civil injunction proceedings should be instituted against a respondent, including when seeking approval of a consent agreement entered into under subparagraph (3) of paragraph (f) of Rule 5, Bar Counsel may commence such proceedings in the name of the Committee by filing a petition in the Supreme Court. The petition shall be in writing and shall set forth the facts and charges in plain language and with sufficient particularity to inform the respondent of the acts that Bar Counsel contends constitute the unauthorized practice of law. The petition shall specify the requested relief, which may include, without limitation, injunction, refund, restitution, a fine, and assessment of costs of the proceeding, or the approval of a consent agreement. Bar Counsel shall, at the time of filing the petition, serve a copy upon the respondent by certified mail.
(b) Upon receipt of a petition filed by Bar Counsel in accordance with paragraph (a) of this rule, the Court may issue an order referring the matter to the Committee for further proceedings in accordance with paragraphs (d) through (h) of this rule.

3

(c) If the Court refers a case to the Committee under paragraph (b) of this rule, the Court shall order the respondent to file with the Committee a written answer admitting or denying the matter stated in the petition. Unless otherwise ordered by the Court, the answer shall be filed within twenty (20) days after service of the Court's order on the respondent. If the Court is notified at the time the petition is filed by Bar Counsel that the respondent has entered into a consent agreement as provided for in subparagraph (3) of paragraph (f) of Rule 5, no answer need be filed by respondent unless otherwise ordered by the Court.

(d) Disposition without hearing.

    (1) If the respondent fails to file an answer within the time permitted, Bar Counsel may move the Committee to conclude that the respondent has admitted the facts set forth in the petition. If the Committee grants such a motion, the Committee shall proceed to decide the case based on the petition and shall report in writing to the Supreme Court its findings of fact, conclusions of law, and recommended disposition of the case.

\*\*\*

(h) Notice of findings, conclusions, and recommended disposition.

    (1) Within thirty (30) days of receipt of the parties' proposed findings of fact, conclusions of law, and recommended disposition of the case, the Committee shall submit to the Supreme Court the record of the hearing and a written report setting forth the Committee's findings of fact, conclusions of law, and recommended final disposition of the case. A copy of the written report shall be mailed to respondent and Bar Counsel.

    (2) If the Committee concludes in the report that the respondent has engaged in the unauthorized practice of law, then the Committee may recommend that a fine be imposed for each incident of unauthorized practice of law; the minimum fine for each incident shall be not less than two hundred and fifty dollars ($250) and not more than one thousand dollars ($1000).

\*\*\*

13.     Rule 7 of the Rules Governing the Wyoming State Bar and the Authorized Practice of law provides in pertinent part:

**Rule 7. Authorization to practice law.**

(a) The following persons are authorized to practice law in Wyoming:

    (1) Members of the Wyoming State Bar, as more fully delineated and subject to the limitations set forth in the Bylaws of the Wyoming State Bar;

    (2) Attorneys who have been granted pro hac vice admission as provided in Rule 8, subject to the limitations set forth in that rule;

4

(3) Law school clinic supervising attorneys meeting the qualifications of Rule 9, subject to the limitations set forth in that rule;

(4) Law students meeting the qualifications of Rule 9, subject to the limitations set forth in that rule; and

(5) Attorneys meeting the qualifications of Rule 5.5(d) of the Wyoming Rules of Professional Conduct, subject to the limitations set forth in that rule.

(b) "Practice law" means providing any legal service for any other person, firm or corporation, with or without compensation, or providing professional legal advice or services where there is a client relationship of trust or reliance, including appearing as an advocate in a representative capacity; drafting pleadings or other documents; or performing any act in a representative capacity in connection with a prospective or pending proceeding before any tribunal.

## Recommendation

The Committee recommends that the Court issue an order enjoining Respondent from further conduct constituting the unauthorized practice of law, fining Respondent the sum of $750.00 and providing such other and further relief as the Court deems appropriate.

DATED this _9th_ day of September, 2019.

_____
Christine Stickley, Chair
Committee on the Unauthorized Practice of Law
Wyoming State Bar

5